HALVERSON v. BROWN *et al.*

Fraudulent Conveyance: GOOD-FAITH PURCHASER FROM FRAUDULENT GRANTEE: PRIOR ATTACHMENT. One who purchases land from a fraudulent grantee, with neither actual nor constructive notice of the fraud, and for a valuable and adequate consideration, will hold it against the creditors of the original fraudulent grantor ; and the fact that they may have attached the land as the property of their debtor is immaterial, unless such purchaser has notice thereof ; and the entrance of the attachment in the incumbrance book as against their debtor is not constructive notice to such purchaser of any cloud upon the title of his immediate grantor.

*Appeal from Buena Vista District Court.*—HON. GEORGE H. CARR, Judge.

FILED, MAY 12, 1888.

ACTION in chancery to set aside and declare void certain deeds on the ground that they were fraudulently made to defeat and delay plaintiff in the enforcement of a judgment against one of the defendants, who, it is alleged, was the owner of the land conveyed. A decree was

entered granting the relief prayed for in plaintiff's petition. Defendants appeal.

*Robinson & Milchrist*, for appellants.

*F. H. Helsell*, for appellee.

BECK, J.—I. The evidence shows the following facts, which are not disputed : The defendant Ole O. Brown was the owner of the land in controversy, which, on the fifteenth day of November, 1881, with his wife, Anlany Brown, who is also a defendant, he conveyed by deed of warranty to Ole T. Hongstuen. On the sixth day of September, 1886, Hongstuen and wife conveyed the land to defendant Anlany Brown by quit-claim deed. On the twenty-sixth day of August, 1886, she entered into a contract for the sale of the land to defendant Ward, who obligated himself to pay one thousand dollars cash on the execution of the contract, and two thousand dollars on the seventh of September following. On that day she conveyed the land to Ward, pursuant to the contract. September 2, 1886, plaintiff instituted an action against Ole O. Brown, and caused an attachment to be issued, which was, on the same day, levied upon the land in question in this action. On the twenty-sixth day of October, 1886, judgment was rendered therein against defendant Ole O. Brown. November 4, 1886, this action was commenced. Plaintiff insists that the conveyances to Hongstuen, Anlany Brown and Ward are fraudulent, in that they were made for the purpose of defeating Ole O. Brown's creditors.

II. It may be assumed, without so deciding, that the purposes of the conveyances to Hongstuen and Anlany Brown were fraudulent, as claimed by plaintiff. But we reach the conclusion that on the part of Ward the purchase of the land and conveyance to him were in good faith, and for a consideration equaling the true value of the land. On the day the contract for the purchase of the land was entered into between him and Anlany Brown, he paid her one thousand dollars, and on the seventh day of September, the day the deed was executed to him, he paid two thousand dollars, as promised in

the contract. These facts are established by the direct and positive testimony of himself and the Browns, husband and wife. There is no direct contradictory evidence on this point. Counsel for plaintiff insists that circumstances tend to raise an inference that the testimony of these witnesses is untrue, as that Ward does not show with sufficient clearness from what source he obtained the money paid for the land, and Brown does not fully account for the disposition of it, and other matters of this kind. But we think these circumstances are so far explained that no reasonable inference of fraud can be drawn therefrom. It is not shown that Ward had actual notice of the attachment when he made either the first or the last payment on the land. He directly and positively testifies that he had not; and as we understand plaintiff's counsel to concede that, as the attachment was not, as it could not have been, entered in the incumbrance book against Anlany Brown, Ward was not chargeable with constructive notice thereof. He is therefore to be regarded as a purchaser for a valuable consideration, without notice of the claim or equity of plaintiff.

III. Counsel for plaintiff insists that Ward had knowledge of facts which should have put him on inquiry which would have resulted in disclosing plaintiff's claim and attachment. Conceding that such knowledge would charge him with notice of the attachment, which we do not decide, we do not discover evidence establishing it.

Upon these considerations we reach the conclusion that the evidence fails to establish fraud as to Ward, and that his title to the land must stand free of the claim of plaintiff.

The decree of the district court is reversed, and a decree will be entered in this court dismissing plaintiff's petition.

ROBINSON, J., having been of counsel in this case, took no part in its determination.